TUCKER ELLIS LLP
Mollie F. Benedict - SBN 187084
mollie.benedict@tuckerellis.com
Monee Takla Hanna SBN 259468
monee.hanna@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:      213.430.3400
Facsimile:      213.430.3409

Attorneys for Defendant Ethicon, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA A. MONTALVO-ARIRI,<br><br>               Plaintiff,<br><br>        v.<br><br>ETHICON, INC.<br><br>               Defendants.<br>_____ | Case No. 5:14-cv-01421 VAP (SPx)<br><br>Honorable Sheri Pym<br><br>**STIPULATION AND ORDER REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")**<br><br>Complaint Filed:  July 11, 2014<br><br>**[NOTE CHANGES MADE BY THE COURT IN ¶¶ A.5 and B.4]** |

The Parties hereby agree to the following protocol for production of electronically stored information ("ESI") and paper ("hardcopy") documents. Subject to protective orders in this Action, this protocol governs all production in the matter. This protocol has the objective to facilitate the just, speedy, and inexpensive completion of discovery of ESI and hardcopy documents and to promote, whenever possible, the early resolution of disputes regarding the discovery of ESI without Court intervention. Nothing in this protocol shall limit a party's right to seek or object to discovery as set out in applicable rules or to object to the authenticity or admissibility of any hardcopy document or ESI produced in accordance with this protocol.

1

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY
STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

## A.   GENERAL AGREEMENTS

### 1.   Ongoing Cooperation among the Parties

The parties are aware of the importance the Court places on cooperation and commit to continue to consult and cooperate reasonably as discovery proceeds. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.

### 2.   Proportionality

a.   <u>Reasonable Discovery Limits</u>. The proportionality standard set forth in Rule 26(b)(2)(C) shall apply to discovery in this action. Consistent with that proportionality standard, the Parties agree to cooperate in identifying appropriate limits on discovery, including limits on the number of custodians, on discoverable data sources, on the relevant period, and on the permissible scope of requests for production, in particular, the permissible scope of requests for emails. Requests for production of ESI shall be reasonably targeted, clear, and as specific as possible, rather than general discovery of a product or business. Except for good cause shown, the parties shall not be obligated to collect or produce ESI created after the date of the filing of the complaint in this Action.

b.   <u>Discoverable Custodians</u>. Consistent with the proportionality standard, within 45 days after entry of this Protocol, each Party shall provide to other Parties a list of the Party's most likely custodians, as well as a list of non-custodial data repositories, whose reasonably accessible emails and other ESI will be searched for relevant information. Custodians shall be identified by name, title, dates of employment by the Party, and a brief description of employment duties. Absent a showing of good cause, and subject to any further agreement among the Parties, the list(s) provided pursuant to this paragraph shall be the presumptive limit on ESI discovery. If any custodian or data source identified in the paragraph is located outside the United States, the Parties shall

meet and confer regarding such matters as relevancy and privacy of the data at issue and, as applicable, the timing of production of any such data.

    c. <u>On-Site Inspections of ESI</u>. On-site inspections of ESI under Rule 34(b) shall be permitted only upon a good-faith showing by the Requesting Party of good cause and specific need or upon agreement of the parties. As appropriate, the Court may condition on-site inspections of ESI, as authorized in the preceding sentence, to be performed by independent third-party experts, and the Court may set other conditions deemed appropriate by the Court.

    d. <u>Non-Discoverable ESI</u>. Consistent with the proportionality standard, and absent a Party's specific written notice for good cause, the following categories of ESI are presumed to be inaccessible and not discoverable:

    i. ESI deleted as a result of the routine, good-faith operation of an ESI system prior to the filing of this action, unless good cause is shown;

    ii. ESI deleted in the normal course of business before the time a preservation obligation in this matter came into effect, which both parties agree, came into effect prior to the date of this Order;

    iii. Backup data files maintained in the normal course of business for purposes of disaster recovery, including (but not limited to) backup tapes, disks, SAN, and other forms of media;

    iv. Deleted, "slack," fragmented, or unallocated data on hard drives;

    v. Random access memory (RAM) or other ephemeral data;

    vi. Data in metadata fields frequently updated automatically, such as last-opened or last-printed dates, excluding such metadata fields set forth in "Attachment A";

    vii. Data, including logs of calls, on mobile devices, including mobile phones and tablets;

    viii. System, network, server, or software application logs;

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

ix.  Legacy data from systems or software applications no longer in use or unavailable when such data cannot be read or interpreted by systems or software applications currently in use;

x.  Structural files not material to individual file contents (*e.g.* .CSS, .XSL, .XML, .DTD, etc.).

e.  <u>Disaster-Recovery Backup Data</u>. Consistent with the proportionality standard, and absent a Party's specific written notice for good cause, no Party shall be required to modify or suspend procedures, including rotation of backup media, used in the normal course of business to back up data and systems for disaster recovery purposes. Absent a showing of good cause, such backup media shall be considered to be not reasonably accessible.

**3.  <u>Designated ESI Liaison</u>**

Each Party shall designate one or more individuals as Designated ESI Liaison(s) for purposes of meeting and conferring with the other Parties and of attending Court hearings on the subject of relevant ESI. The Designated ESI Liaison(s) shall be reasonably prepared to speak about and explain the Party's relevant electronic systems and capabilities and the technical aspects of the manner in which the Party has responded to e-discovery, including (as appropriate) relevant ESI retrieval technology and search methodology.

**4.  <u>No Designation of Discovery Requests</u>**

Productions of hardcopy documents and ESI in the reasonably usable form set out in this protocol, including Attachment A, need not include any reference to the requests to which a document or ESI may be responsive.

**5.  <u>Inadvertent Production</u>**

The inadvertent production of any material constituting or containing attorney-client privileged information or work-product, or constituting or containing information

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

protected by applicable privacy laws or regulations, shall be governed by provisions contained in any pertinent Protective Order entered in this action.

## B.    ELECTRONICALLY STORED INFORMATION

**1.    Production in Reasonably Usable Form**

a.    The parties shall produce electronically stored information in reasonably usable form. Except as stated in paragraphs B.2 and B.3 below or as agreed hereafter by the parties, such reasonably usable form shall be the single-page TIFF-image format with extracted or OCR text and associated metadata set out in Attachment A, which is incorporated in full in this protocol. If the Receiving Party, for good cause explained in the request, seeks production in native format of specifically identified ESI produced originally in TIFF-image form, the Producing Party shall respond reasonably and in good faith to any such request.

b.    <u>Redactions</u>. The producing Party may redact from any TIFF image, metadata field, or native file material that is protected from disclosure by applicable privilege or immunity, that is governed by the European Data Privacy Directive or other applicable privacy law or regulation, that contains commercially sensitive or proprietary non-responsive information, or that the Protective Order entered in this Action allows to be redacted. In preparing document families for production, the producing party also may redact entire attachments that are wholly non-responsive and may produce slipsheets in their place. Each redaction shall be indicated clearly. This provision shall not change the producing parties' privilege log obligations.

c.    Each Party may make requests, for good cause, for production of specifically identified documents in color.

///

///

///

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

2. **Electronic Spreadsheets, Presentations, Desktop Databases, and Multimedia Files**

Electronic spreadsheets (*e.g.*, Excel), electronic presentations (*e.g.*, PowerPoint), desktop databases (*e.g.*, Access), and audio/video multimedia files that have been identified as responsive shall be produced in native format, unless they are authorized to be redacted in accordance with Paragraph 1.b above. After such redactions, the Producing Party either shall produce the redacted file in the reasonably usable form set out in Attachment A or shall produce the redacted copy in native format.

3. **Enterprise Databases and Database Management Systems**

In instances in which discoverable electronically stored information in an enterprise database or database management system (*e.g.*, Oracle, SQL server, DB2) can be produced in an already existing and reasonably available report, the Parties shall collect and produce, in the reasonably usable TIFF-image form described in Attachment A, the discoverable material in that report format. If an existing report form is not reasonably available, the Parties shall export from the original database discoverable information in a format compatible with Microsoft Excel or Microsoft Access, and the information shall be produced in that native format.

4. **Additional Procedures for Native Format Files**

Any Party seeking to use, in any proceeding in this Action, files produced in native format shall do so subject to the following: The original production number and confidentiality designation shall be stamped on the first page of any TIFF image or hardcopy document representing the original native-format file. A confidentiality designation stamped on the first page shall be interpreted to mean that the entire document is subject to confidential treatment as set forth in any pertinent Protective Order entered in the matter. Use of a file in native format, or use of a TIFF image or hardcopy document representing the original native-format file shall constitute a

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

representation that the file being used is an accurate and complete depiction of the original native-format file.

**5.      Use of Search Filters**

a.      To contain costs in the identification of relevant ESI for review and production, the Parties may meet and confer to discuss either the use of reasonable search terms, file types, and date ranges or the use of advanced search and retrieval technologies, including predictive coding or other technology-assisted review. During such discussions, the Producing Party shall retain the sole right and responsibility to manage and control searches of its data files, including the right to make revisions to search-term or advanced-technology procedures in order to make them more accurate and cost-effective. Accordingly, the Producing Party agrees to apprise the Receiving Party of such revisions. If, prior to the conduct of any searches, a Receiving Party believes in good faith that the Producing Party's decisions would result in deficiencies in production, the Receiving Party may make prompt, reasonable requests for different or additional searches. The Producing Party shall respond reasonably to such requests. A party's failure to meet and confer or to make a timely request for different or additional searches as described in this paragraph shall waive that party's right to object to the sufficiency of the searches actually conducted.

b.      The fact that any electronic file has been identified in agreed-upon searches shall not prevent any Party from withholding such file from production on the grounds that the file is not responsive, that it is protected from disclosure by applicable privilege or immunity, that it is governed by the European Data Privacy Directive or other applicable privacy law or regulation, that it contains commercially sensitive or proprietary non-responsive information, or that the Protective Order entered in this Action allows the file to be withheld.

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

c.    Nothing in this section shall limit a Party's right reasonably to seek agreement from the other Parties or a court ruling to modify previously agreed-upon search terms or procedures for advanced search and retrieval technologies.

**6.    Email Threading**

a.    Email threads are email communications that contain prior or lesser-included email communications that also may exist separately in the Party's electronic files. A most inclusive email thread is one that contains all of the prior or lesser-included emails, including attachments, for that branch of the email thread. The Parties agree that removal of wholly-included, prior-in-time, or lesser-included versions from potential production will reduce all Parties' costs of document review, production, and litigation-support hosting. Accordingly, each Party may produce or list on any required privilege log only the most inclusive email threads.

b.    Following production of most inclusive email threads, and for good cause, a Receiving Party may make reasonable requests, with respect to most-inclusive email threads particularly identified in the requests, for metadata associated with individual prior or lesser-included emails within the identified most inclusive email threads. The Producing Party shall cooperate reasonably in responding to any such requests.

**7.    Cooperation Regarding Supplemental Requests Regarding Previously-Produced ESI**

Notwithstanding the foregoing and as described in Sections 1(a) and 6(b) herein, the Receiving Party for good cause may request native format versions of ESI produced as TIFFs and productions of full email threads suppressed by email threading.  Provided the requests are: (1) not voluminous; (2) specifically identify by bates number the requested ESI produced originally in TIFF form; and (3) seek documents that are not redacted or otherwise cannot be produced in their native form, the Producing Party shall respond reasonably and in good faith to any such re-quest.  To avoid dispute the first 25 documents or threads requested pursuant to this paragraph shall be presumed to be

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

requested for good cause and shall be additionally produced in their native form or as full threads in TIFF format, respectively.

**8.     Avoidance of Duplicate Production**

"Duplicate ESI" means files that are exact duplicates based on the files' MD5 or SHA-1 hash values. The Producing Party need produce only a single copy of responsive Duplicate ESI. A Producing Party shall take reasonable steps to de-duplicate ESI globally (*i.e.*, both within a particular custodian's files and across all custodians). Entire document families may constitute Duplicate ESI. De-duplication shall not break apart families. When the same Duplicate ESI exists in the files of multiple custodians, those persons shall be listed in the Custodian field identified in Paragraph A.14(c) of Attachment A.

**C.     DOCUMENTS THAT EXIST ONLY IN HARDCOPY (PAPER) FORM**

A Party may produce documents that exist in the normal course of business only in hardcopy form either (a) in their original hardcopy form or (b) scanned and produced in accordance with the procedures set out in Attachment A. Except as set out in section A.4 above, the scanning of original hardcopy documents does not otherwise require that the scanned images be treated as ESI.

///
///
///
///
///
///
///
///
///
///

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1  ///

2  ///

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY
STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

**ATTACHMENT "A"**

A.1.   <u>Image Files</u>. Files produced in *.tif image format will be single page black and white *.tif files at 300 DPI, Group IV compression. To the extent possible, original orientation will be maintained (*i.e.*, portrait-to-portrait and landscape-to-landscape). Each *.tif file will be assigned a unique name matching the production number of the corresponding page. Such files will be grouped in folders of no more than 1,000 *.tif files each unless necessary to prevent a file from splitting across folders. Files will not be split across folders and separate folders will not be created for each file. Production ("Bates") numbers shall be endorsed on the lower right corner of all images. This number shall be a unique, consistently formatted identifier that will:

      a)     be consistent across the production;

      b)     contain no special characters; and

      c)     be numerically sequential within a given file.

     Bates numbers should be a combination of an alpha prefix along with an 8 digit number (e.g. ABC00000001). The number of digits in the numeric portion of the Bates number format should not change in subsequent productions. Confidentiality designations, if any, will be endorsed on the lower left corner of all images and shall not obscure any portion of the original file.

A.2.   <u>File Text</u>. Except where ESI contains text that has been redacted under assertion of privilege or other protection from disclosure, full extracted text will be provided in the format of a single *.txt file for each file (i.e., not one *.txt file per *.tif image). Where ESI contains text that has been redacted under assertion of privilege or other protection from disclosure, the redacted *.tif image will be OCR'd and file-level OCR text will be provided in lieu of extracted text. Searchable text will be produced as file-level multi-page UTF-8 text files with the text file named to match the beginning production number of the file. The full path of the text file must be provided in the *.dat data load file.

012177.004716/1094641.1

A.3.   <u>Word Processing Files</u>. Word processing files, including without limitation Microsoft Word files (*.doc and *.docx), will be produced in the above format with tracked changes and comments showing.

A.4.   <u>Presentation Files</u>. To the extent that presentation files, including without limitation Microsoft PowerPoint files (*.ppt and *.pptx), are produced in *.tif image format, such *.tif images will display comments, hidden slides, speakers' notes, and similar data in such files.

A.5.   <u>Spreadsheet or Worksheet Files</u>. To the extent that spreadsheet files, including without limitation Microsoft Excel files (*.xls or *.xlsx), are produced in *.tif image format, such *.tif images will display hidden rows, columns, and worksheets, if any, in such files.

A.6.   <u>Parent-Child Relationships</u>. Parent-child relationships (*e.g.*, the associations between emails and their attachments) will be preserved. Email and other ESI attachments will be produced as independent files immediately following the parent email or ESI record. Parent-child relationships will be identified in the data load file pursuant to paragraph A.14 below.

A.7.   <u>Dynamic Fields</u>. Files containing dynamic fields such as file names, dates, and times will be produced showing the field code (*e.g.*, "[FILENAME]" or "[AUTODATE]"), rather than the values for such fields existing at the time the file is processed.

A.8.   <u>English Language</u>. To the extent any data exists in more than one language, the data will be produced in English, if available. If no English version of a file is available, the Producing Party shall not have an obligation to produce an English translation of the data.

A.9.   <u>Embedded Objects</u>. Some Microsoft Office and .RTF files may contain embedded objects. Such objects typically are the following file types: Microsoft Excel, Word, PowerPoint, Project, Outlook, Access, and PDF. Subject to claims of privilege and

Tucker Ellis LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

immunity, as applicable, objects with those identified file types shall be extracted as separate files and shall be produced as attachments to the file in which they were embedded.

A.10. <u>Compressed Files</u>. Compressed file types (*i.e.*, .CAB, .GZ, .TAR. .Z, .ZIP) shall be decompressed in a reiterative manner to ensure that a zip within a zip is decompressed into the lowest possible compression resulting in individual files.

A.11. <u>Encrypted Files</u>. The Producing Party will take reasonable steps, prior to production, to unencrypt any discoverable electronically stored information that exists in encrypted format (*e.g.*, because password-protected) and that can be reasonably unencrypted.

A.12. <u>Scanned Hardcopy Documents</u>

    a)    In scanning hardcopy documents, multiple distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, hard copy documents should be logically unitized).

    b)    If a producing Party is requested, and agrees, to provide OCR text for scanned images of hard copy documents, OCR should be performed on a document level and provided in document-level *.txt files named to match the production number of the first page of the document to which the OCR text corresponds. OCR text should not be delivered in the data load file or any other delimited text file.

    c)    In the case of an organized compilation of separate hardcopy documents— for example, a binder containing several separate documents behind numbered tabs—the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in proper coding of the family fields set out below.

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")
012177.004716/1094641.1

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A.13. <u>Production Numbering</u>.

In following the requirements of Paragraph A.1, the Producing Party shall take reasonable steps to ensure that attachments to documents or electronic files are assigned production numbers that directly follow the production numbers on the documents or files to which they were attached. If a production number or set of production numbers is skipped, the skipped number or set of numbers will be noted. In addition, wherever possible, each *.tif image will have its assigned production number electronically "burned" onto the image.

A.14. <u>Data and Image Load Files</u>.

a) Load Files Required. Unless otherwise agreed, each production will include a data load file in Concordance (*.dat) format and an image load file in Opticon (*.opt) format.

b) Load File Formats.

i. Load file names should contain the volume name of the production media. Additional descriptive information may be provided after the volume name. For example, both ABC001.dat or ABC001_metadata.dat would be acceptable.

ii. Unless other delimiters are specified, any fielded data provided in a load file should use Concordance default delimiters. Semicolon (;) should be used as multi-entry separator.

iii. Any delimited text file containing fielded data should contain in the first line a list of the fields provided in the order in which they are organized in the file.

c) Fields to be Included in Data Load File. For all documents or electronic files produced, the following metadata fields for each document or electronic file, if available at the time of collection and processing and unless such metadata fields are protected from disclosure by attorney-client privilege or work-

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

product immunity or otherwise prohibited from disclosure by law or regulation, including the European Data Privacy Regulation, will be provided in the data load file pursuant to subparagraph (a), above, except to the extent that a document or electronic file has been produced with redactions. The term "Scanned Docs" refers to documents that are in hard copy form at the time of collection and have been scanned into *.tif images. The term "Email and E-Docs" refers to files that are in electronic form at the time of their collection.

| FIELD | SAMPLE DATA | SCANNED DOCS | EMAIL AND E-DOCS | COMMENT |
|---|---|---|---|---|
| PRODBEG [Key Value] | ABC00000001 | Yes | Yes | Beginning production number |
| PRODEND | ABC00000008 | Yes | Yes | Ending production number |
| PRODBEGATT | ABC00000009 | Yes | Yes | Beginning production number of parent in a family |
| PRODENDATT | ABC0001005 | Yes | Yes | Ending production number of last page of the last attachment in a family |
| CUSTODIAN(S) | Smith, John | Yes | Yes | Custodian(s) that possessed the document or electronic file—multiple custodians separated by semicolon |
| OTHER CUSTODIAN(S) | Doe, Jane; Smith; Barney | Yes | Yes | Other custodian(s) that possessed the document or electronic file; multiple custodians separated by semicolon |
| NATIVEFILE | Natives\001\001\ABC 00000001.xls | N/A | Yes | Path and file name for native file on production media |
| FILEDESC | Microsoft Office 2007 Document | N/A | Yes | Description of the type file for the produced record. |
| ~~FOLDER~~FILEPATH | \My Documents\Document1.doc | N/A | Yes | Original source filepath for the record produced. |
| OTHER FILEPATHS(S) | Doe: \My Documents\Document1.doc; Smith: \My Documents\Document1.doc | N/A | Yes | Source filepath(s) for other custodian(s) |
| FILENAME | Document1.doc | N/A | Yes | Name of original electronic file as collected. |
| OTHER FILENAME(S) | Document2.doc; Document3.doc | N/A | Yes | Name of electronic file for other custodian(s) |
| DOCEXT | DOC | N/A | Yes | File extension for email or e-doc |
| PAGES | 2 | Yes | Yes | Number of pages in the produced document or electronic file (not applicable to native file productions). |
| AUTHOR | John Smith | N/A | Yes | Author information as derived from the properties of the document. |
| TITLE | ProductPresentation | N/A | Yes | Main title within documents, PowerPoints, and Excel files. |
| DATECREATED | 10/09/2005 | N/A | Yes | Date that non-email file was created as extracted from file system metadata |

15

012177.004716/1094641.1

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

TUCKER ELLIS LLP

Cleveland ♦ Columbus ♦ Denver ♦ Los Angeles ♦ San Francisco

| FIELD | SAMPLE DATA | SCANNED DOCS | EMAIL AND E-DOCS | COMMENT |
|---|---|---|---|---|
| DATELASTMOD | 10/09/2005 | N/A | Yes | Date that non-email file was modified as extracted from file system metadata |
| LASTAUTHOR | John Smith | | | User last saving the document. |
| SUBJECT | Changes to Access Database | N/A | Yes | "Subject" field extracted from email message or metadata properties of the document |
| FROM | John Beech | N/A | Yes | "From" field extracted from email message |
| TO | Janice Birch | N/A | Yes | "To" field extracted from email message |
| CC | Frank Maple | N/A | Yes | "Cc" or "carbon copy" field extracted from email message |
| BCC | John Oakwood | N/A | Yes | "Bcc" or "blind carbon copy" field extracted from email message |
| IMPORTANCE | High Importance | N/A | Yes | The "importance" tag associated with emails. |
| DATESENT | 10/10/2005 | N/A | Yes | Sent date of email message (mm/dd/yyyy format) |
| TIMESENT | 10:33 am | N/A | Yes | Sent time of email message, time zone set to GMT |
| DATERCVD | 10/10/2005 | N/A | Yes | Received date of email message (mm/dd/yyyyformat) |
| TIMERCVD | 10:33 am | N/A | Yes | Received time of email message, time zone set to GMT |
| NUMATTACH | 3 | N/A | Yes | Number of attachments |
| ATTACH | Document2.doc; Document3.doc | N/A | Yes | Names of attachments; multiple attachments separated by semicolon |
| CONFIDENTIALITY | HIGHLY CONFIDENTIAL | Yes | Yes | Text of confidentiality designation, if any |
| REDACTED | Yes/No | Yes | Yes | Identifies whether a document contains redactions |
| REDACTION REASON | Private; Privilege | Yes | Yes | Identifies the reason for a redaction. |
| MD5 (or SHA1) HASH VALUE | | | | |
| TEXTPATH | Text\001\001\ ABC00000001.txt | Yes | Yes | Path to *.txt file containing extracted or OCR text |
| PRODVOL | VOL001 | Yes | Yes | Name of the Production Volume |

A.15. <u>Files Produced in Native Format</u>. Any electronic file produced in native file format shall be given a file name consisting of a unique Bates number and, as applicable, a confidentiality designation; for example, "ABC00000002_Confidential." For each native file produced, the production will include a *.tif image slipsheet indicating the production number of the native file and the confidentiality designation, and stating "File Provided Natively". To the extent that it is available, the original file text shall be provided in a file-level multi-page UTF-8 text file with a text path provided in the *.dat file; otherwise the text contained on the slipsheet shall be provided in the *.txt file with the text path provided in the *.dat file.

012177.004716/1094641.1

A.16. <u>Production Media</u>. Unless otherwise agreed, documents and ESI will be produced on optical media (CD/DVD), external hard drive, secure FTP site, or similar electronic format. Such media should have an alphanumeric volume name; if a hard drive contains multiple volumes, each volume should be contained in an appropriately named folder at the root of the drive. Volumes should be numbered consecutively (ABC001, ABC002, etc.). Deliverable media should be labeled with the name of this action, the identity of the producing Party, and the following in-formation: Volume name, production range(s), and date of delivery.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")

012177.004716/1094641.1

A.17.  <u>Encryption of Production Media</u>. To maximize the security of information in transit, any media on which documents or electronic files are produced may be encrypted by the producing Party. In such cases, the producing Party shall transmit the encryption key or password to the requesting Party, under separate cover, contemporaneously with sending the encrypted media. The receiving parties in this matter are on notice that certain data produced may originate from custodians in the European Union and the receiving parties therefore agree to follow the strictest security standards in guarding access to said data.

DATED:  August 3, 2015                    Tucker Ellis LLP


                                          By:   */s/ Monee Takla Hanna*
                                                _____
                                                Mollie F. Benedict
                                                Monee Takla Hanna
                                                Attorneys for Defendant
                                                Ethicon, Inc.

DATED:  August 3, 2015                    Welebir, Tierney & Weck


                                          By:   */s/ Douglas F. Welebir*
                                                _____
                                                Douglas F. Welebir
                                                Attorneys for Plaintiff Martha A.
                                                Montalvo-Ariri

**IT IS SO ORDERED.**


Dated: August 14, 2015


                                          _____
                                          Honorable Sheri Pym
                                          United States Magistrate Judge

18

012177.004716/1094641.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2015, a copy of the foregoing **STIPULATION AND [PROPOSED ORDER] REGARDING DOCUMENT PROTOCOL FOR ELECTRONICALLY STORED INFORMATION ("ESI") AND PAPER ("HARDCOPY")** was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Monee Takla Hanna*
Monee Takla Hanna

*Attorneys for Defendant Ethicon, Inc.*

012177.004716/1094641.1